**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   17-10479 |
| Plaintiff-Appellee, | D.C. No. 1:16-cr-00583-JMS-1 |
| v. | |
| ROLAND KAILIHIWA, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
J. Michael Seabright, Chief Judge, Presiding

Argued and Submitted February 13, 2019
Honolulu, Hawaii

Before:  TALLMAN, BYBEE, and N.R. SMITH, Circuit Judges.

Roland Kailihiwa appeals the district court's denial of his motion to suppress

evidence from a dog sniff.  He argues that a magistrate judge erroneously issued a

search warrant authorizing agents to open a parcel addressed to him on which a

narcotics detection dog had alerted.  Below, Kailihiwa asserted that agents had

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

misrepresented facts about the dog's training and certification in an affidavit in support of the search warrant and argued that the warrant thus issued in violation of *Franks v. Delaware*, 438 U.S. 154, 159 (1978). The district court held a three-day *Franks* hearing at which it heard testimony from the dog's handler and trainer. It found this testimony to be credible. Accordingly, the district court found that the affidavit contained neither intentionally nor recklessly false or misleading statements and denied Kailihiwa's motion to suppress.

To prevail on a *Franks* challenge, a defendant must satisfy a "two-step" test. *United States v. Martinez-Garcia*, 397 F.3d 1205, 1214 (9th Cir. 2005). First, he must prove by a preponderance of the evidence that an affidavit in support of the search warrant contained intentionally or recklessly false or misleading statements or omissions. *Id.* at 1215. Second, he must satisfy the district court that, with the false material set aside, "the affidavit's remaining content is insufficient to establish probable cause." *Id.* (quoting *Franks*, 438 U.S. at 156).

We review for clear error the district court's finding on the first step of the *Franks* test, that an affidavit did not contain purposefully or recklessly false or misleading statements or omissions. *Id.* at n.5. However, Kailihiwa affirmatively waived this argument in his brief, accepting the district court's credibility determinations and acknowledging that it would be "improbable" to persuade us to

2

revisit them. We agree with his assessment of his odds, because "the district court's credibility determinations . . . are afforded great deference." *United States v. Sarkisian*, 197 F.3d 966, 991 n.9 (9th Cir. 1999). However, because this argument was waived, we need not further address it. And because Kailihiwa has declined to make an argument on the first step of the *Franks* test, we need not reach his argument on the second step, that is, whether the affidavit was still sufficient to establish probable cause absent the challenged provisions.

Kailihiwa asks us to consider directly the question of whether the dog was sufficiently reliable for its sniff evidence to establish probable cause, irrespective of the constraints of the *Franks* framework. We decline to so construe his appeal. This case reaches us on post-judgment review of Kailihiwa's *Franks* motion to suppress, and the district court heard Kailihiwa's argument about the dog's reliability within the context of its *Franks* hearing. On appeal, Kailihiwa contests only the evidence from the dog and not any of the other factors the magistrate judge relied upon in issuing the search warrant. He does not raise arguments about the dog's reliability appreciably distinct from those he raised at the *Franks* hearing. Thus, our conclusion that the district court properly applied the *Franks* framework and denied Kailihiwa's motion is sufficient to resolve all issues presented.

**AFFIRMED**.